1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   HALEY DARIA,
                                              Case No.  15-cv-00970-DMR
                   Plaintiff,
8
          v.
9                                             **ORDER DISMISSING SECOND
                                              AMENDED COMPLAINT**
10  KATHLEEN HURLY, et al.,

                   Defendants.
11

12          Plaintiff Haley Daria filed a complaint and application for leave to proceed *in forma*

13  *pauperis* ("IFP").  The court previously granted Plaintiff's IFP application but dismissed her

14  complaint with leave to amend.  [Docket No. 8.]  Plaintiff timely filed an amended complaint, and

15  subsequently filed a document titled "Notice of Error-Second Amended Complaint."  [Docket

16  Nos. 9, 11.]  The court will construe these documents together as parts I and II of Plaintiff's

17  amended complaint.

18          In its previous order dismissing Plaintiff's complaint, the court noted that Plaintiff's

19  complaint was largely unintelligible and that it was impossible to determine a clear basis for her

20  claims or to determine what facts supported each cause of action.  Therefore, the court dismissed

21  Plaintiff's claims as inadequately pleaded.  The court ordered Plaintiff to file an amended

22  complaint that addressed these deficiencies, including naming the specific individuals responsible

23  for the claimed violations and providing specific factual allegations connecting each individual

24  with the alleged wrongdoing.  For the following reasons, the court finds that Plaintiff's amended

25  complaint suffers from similar defects as the prior complaint and that her allegations fail to state a

26  claim upon which relief can be granted.  Therefore, the court dismisses the second amended

27  complaint.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    ALLEGATIONS IN AMENDED COMPLAINT

Plaintiff names the following defendants in her amended complaint: Kathleen Hurly, Esq.; Thomas Adamski; Klein Distribution Co.; Gabriel Rubin, Esq.; Freedom Specialty Insurance; Rancho San Roque, Inc.; Andrew De Necochea, CPA; Robert Klein in his individual capacity and as Trustee for Michael B. Klein Administrative Trust Dated 12.23.07 and/or as Trustee for Michael B. Klein Revocable Trust Dated 7.18.03; David La Fitte, Esq.; Robin De Shayes; Tom Edwards, Esq.; and Does 1-20.  Plaintiff's allegations in the documents comprising the amended complaint, nearly 200 pages total, are difficult to understand.  Plaintiff makes vague, unexplained references to incidents of alleged wrongdoing that appear unconnected to her core allegations, which appear to be as follows: Plaintiff became the owner of a small amount of stock of a company called Web Associates in 2000.  By written agreement in 2007, Web Associates gave Plaintiff additional shares of common stock in exchange for Plaintiff releasing Web Associates from any and all claims, including "any claims related to the Merger, Merger Agreement or the issuance of shares to [Plaintiff] or the ownership of shares by [Plaintiff]."  (2d Am. Compl. Exs. I-1, I-2, I-3.)  Plaintiff alleges that although she signed the agreement, she handwrote on the contract "no attorney" and "total duress," but then lost her copy of the agreement.  (2d Am. Compl. Part I at 13.)  It is not clear whether Plaintiff was actually had a lawyer representing her in connection with the agreement, since there is some indication that two attorneys, Gary Spritz and Larry Laborde, represented her at some point.  (*See, e.g.*, 2d Am. Compl. Exs. A4, E1).)  However, she alleges that she did not recall her "valuable, instrument voiding interlineations" until sometime in 2014.  (2d Am. Compl. Part I at 22.)

It appears that Plaintiff filed suit in 2010 in Santa Barbara County Superior Court against Level Studios, Web Associates's successor.  During that action, Defendant Kathleen Hurly, an attorney who represented Level Studios, produced a copy of the 2007 agreement that Plaintiff alleges was "forged" and lacked Plaintiff's handwritten notations.  Plaintiff does not fully describe the outcome of that litigation, but it appears that it resulted in a judgment against Plaintiff for attorneys' fees, which she expects to be $600,000.  (2d Am. Compl. Part I at 14; 2d Am. Compl. Part II at 12.)  It appears that the judgment ordering Plaintiff to pay attorneys' fees was upheld on

1    appeal.  (2d Am. Compl. Part II at 12.)  Plaintiff alleges that Defendants have participated in a

2    "criminal enterprise," the aims of which are "manufacturing evidence of Daria's liability for

3    attorney fees."  (2d Am Compl. Part I at 22.)  She does not clearly identify any other object of the

4    "criminal enterprise."

5         Liberally construing Plaintiff's allegations in light of her pro se status, it appears that she

6    asserts the following claims: 1) violation of the due process clause of the Fourteenth Amendment

7    of the United States Constitution; 2) violation of 18 U.S.C. § 1962(c), the Racketeer Influenced

8    and Corrupt Organizations Act ("the RICO statute") based on mail and wire fraud; 3) fraud; 4)

9    malicious prosecution; 5) breach of fiduciary duties; 6) civil conspiracy; and 7) breach of contract.

10   **II.     LEGAL STANDARD**

11        Under 28 U.S.C. § 1915, the court has a continuing duty to dismiss any case in which a

12   party seeks leave to proceed IFP if the court determines that the action is (1) frivolous or

13   malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief

14   against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

15        The standard for failure to state a claim under Section 1915(e) is equivalent to that under

16   Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal

17   sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51

18   F.3d 1480, 1484 (9th Cir. 1995).  When reviewing a motion to dismiss for failure to state a claim,

19   the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v.*

20   *Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only

21   where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to

22   state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d

23   1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v.*

24   *Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has facial

25   plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable

26   inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation

27   omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions,

28   and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v.*

United States District Court
Northern District of California

1   *Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee*

2   *v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty.*

3   *of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

4   **III.   DISCUSSION**

5       **A.   Due Process**

6       Plaintiff alleges Defendants violated the due process clause of the Fourteenth Amendment

7   of the United States Constitution.  It appears this claim is based upon her allegation that because

8   Defendants did not provide her with the "true and correct" copy of the 2007 agreement during the

9   2010 lawsuit, they denied Plaintiff her due process rights.

10       The Due Process Clause of the Fourteenth Amendment states, "[n]o State shall . . . deprive

11   any person of life, liberty, or property without due process of law."  U.S. Const., amend. XIV, § 1.

12   A due process claim is only triggered by actions of a state or governmental actor.  It does not

13   apply to private conduct, "however discriminatory or wrongful."  *Jackson v. Metro Edison Co.*,

14   419 U.S. 345, 349 (1974) (holding that due process clause applies only to deprivations by the

15   state; it "offers no shield" against private conduct).  Here, Plaintiff challenges only private conduct

16   by private defendants.  She does not allege that any state actors violated her constitutional rights.

17   Accordingly, she has failed to state a due process violation.

18       **B.   RICO**

19       Plaintiff next alleges that Defendants violated the RICO statute based on mail and wire

20   fraud.  Under RICO, it is "unlawful for any person employed by or associated with any enterprise

21   engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or

22   participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of

23   racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  The elements of a civil

24   RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity

25   (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'"  *Living*

26   *Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citation

27   omitted).  Section 1961(a) enumerates acts which are considered to be "racketeering activity" (i.e.

28   "predicate acts"), including any act "'chargeable' under several generically described state

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1  criminal laws, any act 'indictable' under numerous specific federal provisions, including mail and

2  wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities

3  that is 'punishable' under federal law." *Sedima, S.P.R.L. v. Imrex Co., Inc*., 473 U.S. 479, 481

4  (1985) (citation omitted).

5  Plaintiff's RICO claim is based on Defendants' alleged violation of the Wire Fraud Act, 18

6  U.S.C. § 1343, and the Mail Fraud Act, 18 U.S.C. § 1341.  Plaintiff alleges that Defendants

7  transmitted by means of wire communications and the U.S. mail "writings, signs, signals, pictures,

8  and sounds" that incorporated false and misleading statements regarding "the merger,"

9  communications related to the Santa Barbara County Superior Court litigation, and other court

10  papers.  (2d Am. Compl. Part I at 30-31.)  Plaintiff alleges that Defendants have participated in a

11  "criminal enterprise," to "manufactur[e] evidence of [Plaintiff's] liability for attorney fees."

12  Plaintiff's RICO claim is inadequately pleaded.  First, the court notes that RICO was

13  intended to combat organized crime, not to provide a federal cause of action and treble damages to

14  every tort plaintiff.  *Oscar v. University Students Co-operative Ass'n,* 965 F.2d 783, 786 (9th Cir.

15  1992).  "[A] showing of "injury" requires proof of concrete financial loss, and not mere "injury to

16  a valuable intangible property interest."  *Id*. at 785.  Plaintiff does not clearly allege that she has

17  suffered a concrete financial loss as a result of the Defendants' scheme to "manufactur[e] evidence

18  of Daria's liability for attorney fees."

19  Next, claims for mail and wire fraud are subject to the heightened pleading requirements of

20  Federal Rule of Civil Procedure 9(b).  *Cty. of Marin v. Deloitte Consulting LLP*, 836 F. Supp. 2d

21  1030, 1038 (N.D. Cal. 2011).  Thus, "[t]o avoid dismissal for inadequacy under Rule 9(b), [the]

22  complaint would need to state the time, place, and specific content of the false representations as

23  well as the identities of the parties to the misrepresentation."  *Sanford v. MemberWorks, Inc.,* 625

24  F.3d 550, 558 (9th Cir. 2010) (internal quotations & citation omitted).  Further, the complaint

25  must "set forth an explanation as to why [a] statement or omission complained of was false and

26  misleading."  *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1548 (9th Cir.1994) (en banc); *see*

27  *Fecht v. Price Co.,* 70 F.3d 1078, 1082 (9th Cir.1995).  Where multiple defendants are involved,

28  the plaintiff also must identify the role of each defendant in the alleged fraudulent scheme.  *See*

United States District Court
Northern District of California

1    *Swartz v. KPMG LLP,* 476 F.3d 756, 764–65 (9th Cir.2007).  Allegations of fraud cannot be made

2    on information and belief.  *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 540 (9th

3    Cir.1989).  Here, Plaintiff's claims of mail and wire fraud do not meet these standards.  She does

4    not identify any specific statements, instead incorporating by reference the exhibits attached to her

5    amended complaint, which are confusing and appear incomplete.  She lumps the Defendants'

6    actions together without identifying the parties to each misrepresentation.  Further, the court is

7    unable to discern from Plaintiff's allegations what misrepresentations she is challenging.

8           Further, "[i]n order to establish a pattern of racketeering activity, a plaintiff must allege at

9    least two related predicate acts that 'amount to or pose a threat of continued criminal activity.'"  *N.*

10   *Trust Bank of California, N.A. v. Bear Stearns & Co.*, 70 F.3d 120, 1 (9th Cir. 1995) (quoting *H.J.,*

11   *Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239-40 (1989)).  Continuity under RICO can

12   refer "either to a closed period of repeated conduct or to past conduct that by its nature projects

13   into the future with a threat of repetition."  *H.J., Inc.*, 492 U.S. at 241.  "A party alleging a RICO

14   violation may demonstrate continuity over a closed period by proving a series of related predicates

15   extending over a substantial period of time."  *Id*. at 242.  "Predicate acts extending over a few

16   weeks or months and threatening no future criminal conduct do not satisfy this requirement."  *Id*.

17   Here, given the lack of clarity about the basis for Plaintiff's RICO claim, the court is unable to

18   determine when the acts complained of by Plaintiff occurred in order to determine whether they

19   demonstrate either a threat of continued wrongful activity or a closed period of repeated conduct

20   "extending over a substantial period of time."  *See e.g., N. Trust Bank of California*, 70 F.3d at 1.

21          Finally, civil RICO claims are subject to a four-year statute of limitations.  *Agency Holding*

22   *Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987).  "The limitations period for civil

23   RICO actions begins to run when a plaintiff knows or should know of the injury which is the basis

24   for the action."  *Living Designs*, 431 F.3d at 365.  A plaintiff has constructive knowledge of a

25   defendant's fraud when the plaintiff "had enough information to warrant an investigation which, if

26   reasonably diligent, would have led to discovery of the fraud."  *Pincay v. Andrews*, 238 F.3d 1106,

27   1110 (9th Cir. 2001) (citation omitted).  To the extent Plaintiff's RICO claims are based on the

28   unexplained "merger," such claims would be barred by the statute of limitations.  Based on the

1    fact that Plaintiff apparently waived claims related to the merger in 2007, it appears that the

2    merger took place in or before 2007.

3          For these reasons, Plaintiff has failed to state a RICO violation.

4          **C.      Fraud**

5          Plaintiff's third claim is for fraud against all Defendants.  The elements for a cause of

6    action for fraud are: (1) a false statement or omission of a fact that should have been disclosed; (2)

7    knowledge on the part of the defendant that the statement is untrue; (3) intent to deceive; (4)

8    justifiable reliance by the alleged victim on the statement; and (4) resulting damage.  *Lazar v.*

9    *Superior Court*, 12 Cal. 4th 631, 638 (1996).  As with Plaintiff's civil RICO claim, Plaintiff's

10   fraud claim is subject to the heightened pleading requirements of Rule 9(b).  Allegations of fraud

11   must be stated with "specificity including an account of the 'time, place, and specific content of

12   the false representations as well as the identities of the parties to the misrepresentations.'"  *Swartz*,

13   476 F.3d at 764.  Vague or conclusory allegations are insufficient to satisfy the particularity

14   requirement.  *Moore*, 885 F.2d at 540.  To comply with Rule 9(b), fraud allegations must be

15   specific enough to give defendants notice of the particular misconduct that is alleged to constitute

16   the fraud so that they can defend against the claim.  *Bly-McGee v. State of California*, 236 F.3d

17   1014, 1019 (9th Cir. 2001).

18         The allegations supporting Plaintiff's fraud claim are insufficient.  It is not clear from the

19   amended complaint exactly what statements or omissions form the basis of Plaintiff's fraud claim.

20   She alleges that "[t]hese false representations are detailed throughout this Complaint," but she

21   does not set forth the "time, place, and specific content" of the false representations, nor the

22   identities of the parties to those misrepresentations.  Moreover, Plaintiff does not allege that she

23   justifiably relied on the misrepresentations, or that she suffered damage resulting from the

24   misrepresentations.

25         In addition, California Code of Civil Procedure § 338 provides that fraud actions must be

26   brought within three years.  A fraud claim accrues when the aggrieved party discovers the facts

27   constituting the fraud.  Cal. Civ. Proc. Code § 338(d).  It appears that many, if not all, of the

28   alleged misrepresentations took place in 2007.  (*See* 2d Am. Compl. Part I at 41.)  Plaintiff does

United States District Court
Northern District of California

7

1    not allege facts suggesting she did not learn of the misrepresentations until after 2007.

2    Accordingly, her fraud claim appears to be barred by the statute of limitations.

3            For these reasons, Plaintiff has failed to state a claim for fraud.

4            **D.      Malicious Prosecution**

5            Plaintiff's fourth claim is for malicious prosecution against all Defendants.  In order to

6    establish a claim for malicious prosecution, a plaintiff must establish that (1) a lawsuit was

7    commenced by or at the direction of the defendant which was pursued to a legal termination in the

8    plaintiff's favor; (2) the prior lawsuit was brought without probable cause; and (3) the prior

9    lawsuit was initiated with malice.  *Daniels v. Robbins*, 182 Cal. App. 4th 204, 216 (2010).

10   Plaintiff's malicious prosecution lawsuit fails because it appears to be based on a lawsuit or

11   lawsuits brought by Plaintiff herself against Defendants.  There is no indication in the amended

12   complaint that Defendants ever sued Plaintiff or that any such litigation was ever terminated in

13   Plaintiff's favor.  Accordingly, Plaintiff fails to state a claim for malicious prosecution.

14           **E.      Breach of Fiduciary Duties**

15           Plaintiff's fifth claim is for breach of fiduciary duties against all Defendants.  Under

16   California law, the elements of a cause of action for breach of fiduciary duty are "(1) the existence

17   of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the

18   breach."  *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1077 (1995).

19           Plaintiff she does not clearly allege that any of the Defendants owed her a fiduciary duty,

20   and does not clearly allege how such a duty was breached.  Accordingly, she fails to state a claim

21   for breach of fiduciary duty.

22           **F.      Civil Conspiracy**

23           Plaintiff's sixth claim is for "civil conspiracy."  "Conspiracy is not a cause of action, but a

24   legal doctrine that imposes liability on persons who, although not actually committing a tort

25   themselves, share with the immediate tortfeasors a common plan or design in its perpetration."

26   *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994).  Through

27   participation in the conspiracy, each coconspirator adopts as his or her own the torts of the other

28   coconspirators within the ambit of the conspiracy and "[i]n this way, a coconspirator incurs tort

United States District Court
Northern District of California

8

1    //

2    //

3    liability co-equal with the immediate tortfeasors." *Id*. at 511.  To allege conspiracy, Plaintiff must

4    plead facts showing the formation and operation of a conspiracy and damage resulting from an act

5    or acts done in furtherance of the plan. *Mox, Inc. v. Woods*, 202 Cal. 675, 677 (1927).  "As the

6    cause of action is for the damage suffered, and not the mere conspiracy, the complaint must state

7    facts which show that a civil wrong was done resulting in damage." *Orloff v. Metropolitan Trust*

8    *Co.,* 17 Cal.2d 484, 488 (1941).

9         Plaintiff has not alleged the formation of any conspiracy that meets these requirements.  To

10   the contrary, she alleges that all Defendants have committed the underlying torts against her,

11   including violation of RICO, fraud, and breach of contract.  To successfully plead the existence of

12   a conspiracy, Plaintiff must clearly allege specific action on the part of each defendant that

13   corresponds to the elements of a conspiracy claim, *see Mox,* 202 Cal. at 677, and the amended

14   allegations must be made within the sections of the complaint that contain Plaintiff's claims for

15   the underlying torts.

16        **G.     Breach of Contract**

17        Finally, Plaintiff brings a breach of contract claim against Defendants Rancho San Roque,

18   Inc. and Klein Distribution Co., Inc.  (2d Am. Compl. Part II at 5.)  Plaintiff's breach of contract

19   claim is largely unintelligible, but appears to be based on Rancho San Roque, Inc.'s alleged breach

20   of a Stockholders' Agreement in August 2006 and Klein Distribution Co., Inc.'s actions in 2006

21   and 2007 breaching a "U.C.C. Purchase Contract."

22        In California, a breach of contract claim is subject to a four-year statute of limitations.  Cal.

23   Civ. Proc. Code § 337.  A cause of action for breach of contract accrues at the time of the breach,

24   which starts the limitations period. *Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1120 (1997).

25   Since Plaintiff's breach of contract claim is based upon breaches that allegedly occurred in 2006

26   and 2007, the claim is barred by the applicable statute of limitations.

27   **IV.    CONCLUSION**

28        The court has already provided Plaintiff with an opportunity to amend her complaint to

United States District Court
Northern District of California

9

1   state a valid claim.  The court has liberally construed the second amended complaint, but finds that

2   Plaintiff still has not stated a valid claim.  For this reason, the case is dismissed.

3

4   **IT IS SO ORDERED.**

5   Dated: October 1, 2015

6

7   
    Donna M. Ryu
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

10